2014 OK CIV APP 43

**Ashley Paget GRUENWALD, Petitioner/Appellee,**

v.

**William Keith GRUENWALD, Respondent/Appellant.**

**No. 111722.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 21, 2014.

Ashley Paget Gruenwald, Jones, Oklahoma, Pro Se.

Todd Alexander, The Alexander Law Firm, PLLC, Tulsa, Oklahoma, for Respondent/Appellant.

KENNETH L. BUETTNER, Judge.

¶ 1 Respondent/Appellant William Keith Gruenwald (Husband) appeals from the trial court's order directing him to pay costs and attorney fees incurred by Petitioner/Appellee Ashley Paget Gruenwald (Wife) in Husband's emergency custody proceeding. The record does not show that the trial court found the information provided by Husband was false or that the trial court made a decision in reliance on such false information, as required to make an award of attorney fees under 43 O.S.2011 107.4. We reverse.

¶ 2 The record shows the parties were divorced by a Decree of Dissolution filed November 28, 2011. The instant proceeding began when Husband filed his Application for Ex–Parte Emergency Custody Orders February 28, 2013. Husband alleged an emergency existed based on his belief Wife had transported the children while she was intoxicated, had allowed an unlicensed minor to operate a vehicle with the children present, had given a beer can to one of the children, had driven with the children while they were unrestrained, and had announced she planned to move the children to another city. Husband attached affidavits from witnesses to Wife's alleged conduct. Husband sought an emergency order changing custody from Wife to him and allowing Wife supervised visitation.

¶ 3 The court docket sheet indicates that on the same day, Husband and Wife appeared, with counsel, for a hearing at which the court denied the application for ex-parte emergency custody, but ordered Wife to wear an ankle monitor for alcohol until the next court date. The docket sheet indicates the court directed Wife to pay for the monitor "subject to reallocation." The court set the matter for another hearing March 5, 2013.

¶ 4 Wife filed her response March 4, 2013. She denied Husband's allegations and asserted the affidavits attached to his motion were false and misleading. She requested an order for Husband to pay the costs of the proceeding pursuant to 43 O.S.2011 107.4(B). The record indicates the hearing set for March 5, 2013 was reset for March 7, 2013.

¶ 5 Husband filed his Dismissal Without Prejudice March 6, 2013. The docket sheet shows that on March 7, 2013, Wife appeared with counsel and Husband's counsel appeared without Husband. The court ordered Wife's ankle monitor to be removed. The court further directed Husband to pay for the ankle monitor ($70) within 30 days and to pay Wife's reasonable attorney fees in the emergency proceeding ($2,125) within 60 days. An order reflecting these rulings was filed April 3, 2013, from which Husband appeals.

¶ 6 The statute on which the trial court relied in ordering Husband to pay Wife's costs and fees is 43 O.S.2011 107.4, which provides (emphasis added):

A. In a court proceeding concerning child custody or visitation, a motion for an emergency custody hearing shall include an independent report, if available, to include but not be limited to, a police report or a report from the Department of Human Services, that demonstrates that the child is in surroundings which endanger the safety of the child and that if such conditions continue, the child would likely be subject to irreparable harm. If there is no such report, the motion shall include a notarized affidavit from an individual with personal knowledge that the child is in surroundings which endanger the safety of the child and that not granting the motion would likely cause irreparable harm to the child. Upon receipt of the motion for emergency custody with supporting documentation, the court shall have seventy-two (72) hours to conduct a hearing. If the court fails to conduct a hearing within such time, the movant may present such motion to the presiding judge of the judicial district, who shall conduct an emergency custody hearing within twenty-four (24) hours of receipt of the motion.

B. *If the court finds that any relevant information provided to the court upon which the court relied to make its emergency custody decision to be false, the court shall assess against the movant all costs, attorney fees, and other expenses incurred as a result of such emergency custody hearing.* The movant shall pay all such costs, fees and expenses within thirty (30) days. Failure to make such payment shall be grounds for contempt, punishable by six (6) months in the county jail, a fine not to exceed One Thousand Dollars ($1,000.00), or both such imprisonment and fine.

Husband first argues the trial court denied his right to due process by granting fees and costs without notice and an opportunity to be heard, because Wife did not file an application for fees. Husband asserts that before a judgment may include fees, a party must file an application showing the fees requested are reasonable, citing 12 O.S.2011 696.4. That section provides that a civil judgment may include fees, but if it does not, a party seeking them must file an application. Here, Wife asked for an award of fees in her response to Husband's emergency filing and the order resolving this matter, the order directing the removal of the ankle monitor, included an award of fees. We find no support in 696.4 for a requirement that Wife file a separate application for fees, nor do we find Husband did not receive due process on the record here.

¶7 Husband next argues the trial court erred in awarding fees under 107.4 where Husband dismissed his application and the trial court made no finding that Husband's supporting affidavits were false. Wife counters that Husband's emergency pleading constituted bad faith or oppressive conduct, which the trial court retains inherent authority to sanction. Wife contends Husband's dismissal the day before the hearing showed he knew his allegations were false.[1]

¶8 In this case, the trial court found only that the fees expended were reasonable.

The statute plainly requires a finding that relevant material, on which the court relied to make its decision, was false. Here, the trial court made no decision on Husband's emergency application (apart from ordering Wife to wear an ankle monitor until the next hearing) and made no finding that the affidavits supporting Husband's application were false. Oklahoma follows the American Rule, in which each party bears his own attorney fees in the absence of a specific statute or contract. *Eagle Bluff, L.L.C. v. Taylor,* 2010 OK 47, ¶ 16, 237 P.3d 173. Statutes authorizing an award of attorney fees must be strictly construed. *Id.* The record here does not support an award of fees under 107.4 because these two elements have not been met. The trial court also made no finding that Husband's actions constituted bad faith litigation conduct warranting sanctions under the court's inherent authority. Because the order from which Husband appeals does not include the findings necessary to support an award of fees under 107.4, we REVERSE.

JOPLIN, P.J., and HETHERINGTON, V.C.J., concur.

---

1. The language of 107.4(B) is analogous to provisions in the Oklahoma Pleading Code allowing sanctions for frivolous pleadings. See 12 O.S. 2011 2011 and 2011.1. However, 107.4 provides no 21 day "safe harbor" in which an offending pleading may be amended or withdrawn before it may be the basis of a sanctions award. Here, Husband dismissed his emergency custody application a week after filing it. We do not hold that dismissal of the application deprives the trial court of authority to award fees under 107.4(B), but only that a finding of falsity is required.